**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**


MUHAMMAD ISMAEL WALIALLAH,

                        **Petitioner,**

            **v.**                                    **CASE NO. 21-3242-SAC**

SHANNON MEYER,


                        **Respondent.**


<u>**ORDER**</u>


This matter is a petition for writ of habeas corpus filed under 28 U.S.C. § 2254. Respondent filed her answer to the petition on April 11, 2022. (Doc. 13.) On May 4, 2022, Petitioner filed a motion for extension of time to file his traverse and for permission to file a memorandum in support of the petition. (Doc. 15.) The motion will be granted in part and denied in part. The extension of time is granted. Petitioner is granted to and including June 10, 2022, to file his traverse.

Petitioner also seeks leave to file a memorandum in support of the petition, and he informs the Court that Respondent objects to such filing. (Doc. 15.) Petitioner's counsel entered her appearance on March 2, 2022 and advises the Court that she believes a memorandum supporting the petition and identifying additional authority in support of the petition would assist the Court in resolving the issues in this case. She further asserts that submission of the memorandum would not prejudice Respondent.

Rule 5 of the Rules Governing Section 2254 Cases explains that after a § 2254 petition is filed, the Court may order an Answer and Return, and the petitioner may file a reply to the answer. 28 U.S.C. A. foll. § 2254. *See also Francis v. Meyer*, No. 21-3079-DDC, 2022 WL 1404647 (D. Kan. May 4, 2022) (unpublished memorandum and order).

No further briefing is contemplated by the Rule and Petitioner has identified no legal authority that supports filing supplemental arguments or authorities at this point in the proceedings.

To the contrary, it is well-established that "[c]ourts routinely refuse to consider arguments first raised in a habeas traverse." *Martinez v. Kansas*, No. 5-3415-MLB, 2006 WL 3350653, *2 (D. Kan. Nov. 17, 2006) (unpublished order) (collecting cases); *See also LaPointe v. Schmidt*, No. 14-3161-JWB, 2019 WL 5622421, *5 (D. Kan. Oct. 31, 2019) (unpublished memorandum and order) (striking new claim from traverse). The appropriate way to present argument or claims not included in the operative petition is by seeking leave to amend. *Id.* at *5 ("The court will strike the new claim as it was not included in the petition and Petitioner did not seek leave to amend."). As noted in the Court's previous order, the traverse is intended to "admit[] or deny[], under oath, all factual allegations therein contained." (Doc. 3, p. 2.)

Additionally, if the Court were to allow Petitioner to submit additional legal arguments in support of the petition, it would then need to allow Respondent the opportunity to respond to them. This type of sur-reply is neither contemplated by the applicable rules nor conducive to reaching finality of briefing in federal habeas matters. *See Humphries v. Williams Nat. Gas Co.*, No. 96-4196-SAC, 1998 WL 982903, *1 (D. Kan. Sept. 23, 1998) (stating that the rules governing sur-replies "'are not only fair and reasonable, but they assist the court in defining when briefing matters are finally submitted and in minimizing the battles over which side should have the last word'"). For these reasons, to the extent that the present motion seeks leave to file a memorandum in support of the petition, it is denied.

**IT IS THEREFORE ORDERED** that Petitioner's motion for extension of time to file a traverse and memorandum in support of petition (Doc. 15) is **granted in part and denied in part**. Petitioner is

granted to and including June 10, 2022 to file the traverse. Petitioner is not granted leave to file a memorandum in support of the petition.

**IT IS SO ORDERED.**

DATED:  This 5th day of May, 2022, at Topeka, Kansas.

S/ Sam A. Crow

SAM A. CROW

U.S. Senior District Judge